COMMONWEALTH vs. RICARDO CARGILL.

Suffolk. September 6, 2005. - November 18, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Moot Question. Bail.*

This court concluded that two District Court judges properly denied the criminal defendant's requests for bail in connection with indictments upon which he had been arraigned in Superior Court, because only a judge in the Superior Court would have had authority to entertain such requests. [331-332]

INDICTMENT found and returned in the Superior Court Department on November 7, 2002.

Questions of law were reported by *Peter M. Lauriat*, J. After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Beth L. Eisenberg* for the defendant.

*John P. Zanini*, Assistant District Attorney (*Joseph M. Ditkoff*, Assistant District Attorney, with him) for the Commonwealth.

*Murray A. Kohn*, Committee for Public Counsel Services, & *Lee J. Gartenberg*, for Committee for Public Counsel Services & another, amici curiae, submitted a brief.

GREANEY, J. We granted the defendant's application for further appellate review of questions reported by a Superior Court judge to the Appeals Court. That court discharged the report. The questions pertain to the timing and authority of judges to set bail, or to reinstate bail, after the entry of a bail revocation order. Although we conclude that the report was properly discharged[1]

---

[1] The Appeals Court correctly discharged the report. The questions reported have no bearing on the issues for trial regarding the defendant's guilt of the crimes charged. See *Commonwealth* v. *Fitta*, 391 Mass. 394, 397 (1984), quoting *John Gilbert Jr. Co.* v. *C. M. Fauci Co.*, 309 Mass. 271, 273 (1941) ("Interlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing").

and that the case is moot,[2] we agree with the defendant that this case, similar to *Commonwealth* v. *Pagan, ante* 315 (2005), and *Commonwealth* v. *Hall, post* 1016 (2005), raises important issues. We therefore address the issues. See *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993).

The background of the case is as follows. On November 13, 2002, the defendant was arraigned in the Superior Court on indictments charging negligent operation of a vehicle, armed robbery, assault by means of a dangerous weapon, malicious destruction of property over $250, and armed carjacking. A Superior Court judge set bail at $2,500 cash or $25,000 with surety, which the defendant posted, and the defendant was advised of the potential for bail revocation under G. L. c. 276, § 58, third par., if he were charged with committing a subsequent offense during the period of his release.

On August 15, 2003, the defendant was arraigned in the Dorchester Division of the District Court Department on a complaint charging use without authority and malicious destruction of property.[3] A District Court judge revoked the defendant's bail that had been set in connection with the Superior Court indictments, pursuant to G. L. c. 276, § 58, third par., and ordered the defendant be held without bail for a period not to exceed sixty days.

On October 6, 2003, the District Court charges were dismissed. A District Court judge declined to reinstate the defendant's bail on the Superior Court indictments, concluding that only a Superior Court judge possessed the authority to do so. On October 17, 2003, three days after the expiration of the sixty-day period set in the August 15, 2003, revocation order, the defendant appeared before a Superior Court judge, who reinstated his prior bail ($2,500 cash or $25,000 with surety, which he had previously posted), advised the defendant of the potential for bail revocation under G. L. c. 276, § 58, and

---

[2]The case is moot because the defendant's prior bail was reinstated before the Superior Court judge reported the questions to the Appeals Court.

[3]The parties do not dispute the facts that follow, but have not provided the court with copies of the dockets concerning the referenced charges or copies of the orders referenced. We assume that more than one District Court judge was involved in the defendant's request to reinstate his bail.

ordered his immediate release from custody.[4]

On December 3, 2003, the defendant was arrested and arraigned in the Dorchester Division of the District Court Department on a complaint charging assault and battery by means of a dangerous weapon and firearms violations. A District Court judge again revoked the defendant's bail that had been set in connection with the Superior Court indictments, pursuant to G. L. c. 276, § 58, third par., and ordered the defendant held without bail for a period not to exceed sixty days. In connection with the new District Court charges, the judge set bail at $4,000 cash.

During the sixty-day period established by the December 3, 2003, revocation order, the defendant twice unsuccessfully requested, in January, 2004, that a District Court judge reinstate his bail set in connection with the Superior Court indictments. Each judge concluded that the action was beyond his authority.

This sixty-day period ended on February 3, 2004. On February 9, 2004, a Superior Court judge reinstated the defendant's previous bail. The defendant then moved for leave to report questions to the Appeals Court concerning the proper procedure for reinstatement of bail. The Superior Court judge, pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979), reported three questions to the Appeals Court that we need not set forth. The Appeals Court allowed the Commonwealth's motion to discharge the report.

We comment on the correctness of the disputed orders and need not answer the reported questions. See *Commonwealth* v. *Markvart*, 437 Mass. 331, 333 (2002); *Commonwealth* v. *Vao Sok*, 425 Mass. 787, 788-789 (1997). In this case, the defendant essentially was aggrieved because, after his bail was revoked pursuant to G. L. c. 276, § 58, third par., on December 3, 2003, he was not afforded new bail on request. Each of the District Court judges from whom he sought bail concluded that he had no authority to set a new bail or reinstate prior bail on the relevant charges.

We conclude that the District Court judges ruled properly. For the reasons that we stated in *Commonwealth* v. *Pagan, supra* at 322-324, a bail revocation order, once entered, is valid for a

---

[4]The defendant had moved to have his bail reinstated.

period of sixty days, and may only be vacated during that period if the underlying charges (to which the bail revocation order relates) are adjudicated, where any of the cases against the defendant has been dismissed or has resulted in his acquittal, or where a manifest injustice exists, circumstances not presented on this record. As such, in January, 2004, the defendant moved for bail prematurely.[5] Further, as explained in *Commonwealth* v. *Pagan, supra* at 323, only the judge in the court with jurisdiction over the charges to which the bail revocation order relates may set (as opposed to reinstate) a new bail. On this record, only a judge in the Superior Court (not the District Court judges), would have had authority to entertain the defendant's requests for bail.

The report is discharged and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[5]Although the August 15, 2003, complaint against the defendant filed in the Dorchester Division of the District Court Department charging use without authority and malicious destruction of property was dismissed on October 6, 2003, the reported questions arose from the proceedings concerning the December 3, 2003, bail revocation order and the December 3, 2003, complaint filed in the Dorchester District Court charging the defendant with assault and battery by means of a dangerous weapon and firearms violations.