## Commonwealth *vs.* Luis Raposo.

Bristol. January 8, 2009. - May 7, 2009.

Present: Marshall, C.J., Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Sex Offender. Practice, Criminal,* Revocation of probation, Report. *Global Positioning System Device. Statute,* Construction.

This court concluded that G. L. c. 265, § 47, which requires a person who is placed on probation for certain sex offenses to wear a global positioning system device as a requirement of any term of probation, does not apply to persons placed on probation prior to trial and prior to conviction or entry of a plea of guilty or admission to facts sufficient for a finding of guilt. [743-748]

Complaint received and sworn to in the New Bedford Division of the District Court Department on November 1, 2005.

Questions of law were reported to the Appeals Court by *Bernadette L. Sabra,* J. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Beth L. Eisenberg,* Committee for Public Counsel Services (*Colleen A. Tynan* with her) for the defendant.

*Rachel J. Eisenhaure,* Assistant District Attorney, for the Commonwealth.

Botsford, J. Pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004),[1] a judge in the District Court reported to the Appeals Court this case and in particular several questions concerning the constitutionality of G. L. c. 265, § 47, a statute that requires a person who is "placed on probation" for certain sex offenses to wear a global positioning system device as "a requirement of any term of probation." We transferred the

---

[1]Rule 34 of the Massachusetts Rules of Criminal Procedure, as amended, 442 Mass. 1501 (2004), provides:

"If, prior to trial, or, with the consent of the defendant, after conviction of the defendant, a question of law arises which the trial judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein. If the case is reported prior to trial, the case shall be continued for trial to await the decision of the Appeals Court."

case on our own motion. We conclude that G. L. c. 265, § 47, does not apply to persons placed on probation prior to trial and prior to conviction or entry of a plea of guilty or admission to facts sufficient for a finding of guilt (admission to sufficient facts).[2] Because the defendant, with his consent, has been placed on pretrial probation under G. L. c. 276, § 87, without a guilty plea or admission to sufficient facts, it follows that G. L. c. 265, § 47, has no application to him. Accordingly, we decline to answer the constitutional questions reported.[3]

*Background.* A global positioning system (GPS) device is an electronic monitor designed to report continuously the probationer's current location. General Laws c. 265, § 47 (§ 47), requires "[a]ny person who is placed on probation" for certain sex offenses to "wear a [GPS] device, or any comparable device, administered by the commissioner of probation, at all times for the length of his probation." A GPS device, as implemented by the Commissioner of Probation (commissioner), consists of two pieces of electronic equipment: an ankle bracelet, which is permanently attached to the probationer, and a GPS-enabled cellular telephone, which communicates with the ankle bracelet and transmits the probationer's current location to the probation department. Under § 47, the commissioner is directed to "establish defined geographic exclusion zones," or areas whose entry will be reported by the GPS device, leading to various sanctions. *Id.*

On November 1, 2005, the defendant was charged by complaint in the District Court with one count of indecent assault and battery on a child under fourteen, in violation of G. L.

---

[2]The remainder of this opinion contrasts pretrial probation with probation after a finding of guilt (postconviction probation). We leave for a more appropriate case, and one in which the issue is briefed by the parties, whether G. L. c. 265, § 47, applies to defendants whose cases are continued without a finding after a guilty plea or an admission to sufficient facts. Such a disposition has elements in common with, but is distinct from, both pretrial and postconviction probation. See *Commonwealth* v. *Millican*, 449 Mass. 298, 304-305 (2007); *Commonwealth* v. *Sebastian S.*, 444 Mass. 306, 314 n.12 (2005) ("probation imposed after a guilty plea or an admission is not 'pretrial' probation"). See also *Doe* v. *Sex Offender Registry Bd.*, 452 Mass. 764, 777 (2008) (continuance without finding not "prior offense" for sex offender classification).

[3]Because we do not answer the reported questions, the report will be discharged. However, the case raises an important issue of statutory construction that deserves consideration, and we address that issue in this opinion. See *Commonwealth* v. *Cargill*, 445 Mass. 329, 329-330 (2005).

c. 265, § 13B, and one count of disseminating obscene matter to a minor, in violation of G. L. c. 272, § 28. Both offenses are among the sex offenses to which § 47 applies. G. L. c. 6, § 178C. On December 28, 2006, the defendant and the Commonwealth, through counsel, jointly recommended to a District Court judge that the defendant be placed on pretrial probation under G. L. c. 276, § 87, for a period of two years, subject to certain conditions. The judge accepted the recommendation and imposed pretrial probation terms that included the following: the defendant would have no contact with children under sixteen, or with the victim in the case or her mother; would live with his grandmother and be subject to a 9 P.M. curfew; would remain employed; would submit to a mental health evaluation and counselling, if ordered; and would remain drug- and alcohol-free and submit to random testing.[4] The defendant signed a copy of the probation order of conditions on December 28, 2006.[5]

Section 47 went into effect on December 20, 2006, one week before the defendant signed the order of probation. G. L. c. 265, § 47, inserted by St. 2006, c. 303, § 8. In its original form, the defendant's December 28, 2006, probation order of conditions did not contain any reference to § 47 or to any requirement that the defendant wear a GPS device or be subject to GPS monitoring (GPS requirement). In a December 20, 2006, memorandum to the chief probation officers of all court departments, the commissioner took the position that § 47 applied to all persons placed on probation, whether found guilty, given a continuance without

[4]The judge noted, in accepting the recommendation, that the defendant (age twenty-one) was "intellectually challenged," the victim's mother was reluctant to have the victim (age eight) testify, and the victim had not responded to two summonses to court.

[5]As indicated in the reported questions, when the judge accepted the joint recommendation for pretrial probation under G. L. c. 276, § 87, the defendant had not been convicted, entered a guilty plea, or admitted to facts sufficient for a finding of guilt (admission to sufficient facts). While the parties do not discuss the point, during the hearing on December 28, 2006, the judge stated to the defendant that if he complied with all the terms of the pretrial probation for the prescribed two years, the case would be dismissed. See *Commonwealth v. Tim T.*, 437 Mass. 592, 597 (2002). For a discussion of the disposition of dismissal by agreement after satisfactory completion of the terms of pretrial probation, as opposed to the disposition of continuance without a finding and dismissal after an admission to sufficient facts, see *Commonwealth* v. *Millican*, 449 Mass. 298, 304-305 (2007).

a finding after admitting to sufficient facts, or prior to trial.[6] On learning of the new policy, the defendant's probation officer made an ex parte request to the judge that the GPS requirement be added to the defendant's terms of pretrial probation. On January 3, 2007, the judge signed a new probation order that included the GPS requirement, which was then presented to and signed by the defendant without hearing or advance notice. Defense counsel, apparently learning of the new condition after the order had been signed, requested a stay of execution and moved to vacate the GPS requirement. Another District Court judge granted the stay and reported five questions of law to the Appeals Court pursuant to rule 34. The questions are as follows:

"[1] Whether the language of G. L. c. 265, [§] 47, requiring 'all persons on probation' for certain sex offenses to wear a [GPS] device at their own expense, regardless of whether they have been convicted of any sex offense, made admissions to sufficient facts, or [have been] placed on pre-trial probation without any admission, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and/or [arts.] 1, 10 or 12 of the Massachusetts Declaration of Rights?

"[2] Whether G. L. c. 265, [§] 47, both as written and as particularly applied to this defendant and others similarly situated, is punitive rather than remedial, and thus violates the Due Process Clause . . . and [arts.] 1, 10, 12 and 24 of the Massachusetts Declaration of Rights, because it allows for punishment of an individual who has not been convicted of a crime and intrudes upon the defendant's liberty and privacy interests without the right to a hearing?

"[3] Do the provisions of G. L. c. 265, [§] 47, requiring all persons on probation for certain sex offenses to wear a [GPS] device, regardless of whether they were convicted of the sex offense or made admissions to the offense for which they are on probation, violate the Fifth Amendment, the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and [arts.] 1, 10, and 12 . . . ?

---

[6] In the same memorandum, the probation department "recognize[d] that courts may view this interpretation differently."

"[4] Does the application of G. L. c. 265, [§] 47, constitute cruel and unusual punishment to a person such as this defendant who has neither been convicted of any enumerated sex offense [n]or admitted to such an offense, thus violating the Eighth Amendment to the United States Constitution, and [art.] 26 . . . ?

"[5] Whether the application of G. L. c. 265, [§] 47, to this defendant and others similarly placed on pretrial probation without an admission to a sex offense which was allegedly committed prior to the enactment of the statute, constitutes an ex post facto law in violation of [art.] 1, [§] 10 of the United States Constitution, and [art.] 12 . . . ?"

*Discussion.* "In answering questions reported under Mass. R. Crim. P. 34, we first address any potentially dispositive preliminary questions." *Commonwealth* v. *Maloney,* 447 Mass. 577, 584 n.10 (2006). "We do not decide constitutional questions unless they must necessarily be reached." *Commonwealth* v. *Paasche,* 391 Mass. 18, 21 (1984). See *Fleet Nat'l Bank* v. *Commissioner of Revenue,* 448 Mass. 441, 451 n.9 (2007), quoting *1010 Memorial Drive Tenants Corp.* v. *Fire Chief of Cambridge,* 424 Mass. 661, 663 (1997) ("issues of statutory interpretation should be resolved prior to reaching any constitutional issue"). Because we conclude that § 47 does not apply to a person, such as the defendant in this case, who is placed on probation before trial or entry of a guilty plea or admission to sufficient facts, and not as part of a sentence or disposition following conviction, we need not reach the reported constitutional questions.

"We interpret a statute 'according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language . . . to the end that the purpose of its framers may be effectuated.' " *Chandler* v. *County Comm'rs of Nantucket County,* 437 Mass. 430, 435 (2002), quoting *Hanlon* v. *Rollins,* 286 Mass. 444, 447 (1934). We begin with the language of the statute. *Rowley* v. *Massachusetts Elec. Co.,* 438 Mass. 798, 802 (2003).

Chapter 265, § 47, provides in relevant part:

"Any person who is *placed on probation for any offense* listed within the definition of 'sex offense,' a 'sex offense

involving a child' or a 'sexually violent offense', as defined in [§] 178C of chapter 6, shall, as a requirement of *any term of probation*, wear a global positioning system device, or any comparable device, administered by the commissioner of probation, at all times for the *length of his probation for any such offense*" (emphasis added).[7]

The defendant argues that the phrase "placed on probation for any offense" renders the GPS statute unconstitutionally vague, because persons of common intelligence must necessarily guess whether the law refers to probation for a *charged* offense, or only for a *convicted* offense. See *Commonwealth* v. *Jaffe*, 398 Mass. 50, 54 (1986), quoting *Caswell* v. *Licensing Comm'n for Brockton*, 387 Mass. 864, 873 (1983) ("A law is void for vagueness if persons 'of common intelligence must necessarily guess at its meaning and differ as to its application' "). The Commonwealth, ignoring the phrase "for any offense," responds that the statute is unambiguous, and the plain meaning of "any person placed on probation" and "any term of probation" includes

---

[7]General Laws c. 265, § 47, provides in full:

"Any person who is placed on probation for any offense listed within the definition of 'sex offense', a 'sex offense involving a child' or a 'sexually violent offense', as defined in [G. L. c. 6, § 178C], shall, as a requirement of any term of probation, wear a global positioning system [GPS] device, or any comparable device, administered by the commissioner of probation, at all times for the length of his probation for any such offense. The commissioner of probation, in addition to any other conditions, shall establish defined geographic exclusion zones including, but not limited to, the areas in and around the victim's residence, place of employment and school and other areas defined to minimize the probationer's contact with children, if applicable. If the probationer enters an excluded zone, as defined by the terms of his probation, the probationer's location data shall be immediately transmitted to the police department in the municipality wherein the violation occurred and the commissioner of probation, by telephone, electronic beeper, paging device or other appropriate means. If the commissioner or the probationer's probation officer has probable cause to believe that the probationer has violated this term of his probation, the commissioner or the probationer's probation officer shall arrest the probationer pursuant to [G. L. c. 279, § 3]. Otherwise, the commissioner shall cause a notice of surrender to be issued to such probationer.

"The fees incurred by installing, maintaining and operating the [GPS] device, or comparable device, shall be paid by the probationer. If an offender establishes his inability to pay such fees, the court may waive them."

probation of any kind — a temporary placement pending trial, a pretrial disposition of the case, or probation ordered by a judge as part of the disposition of a case after conviction. See *Commonwealth* v. *Russ R.*, 433 Mass. 515, 520 (2001) ("When a statute is plain and unambiguous, we interpret it according to its ordinary meaning").

We do not agree with either analysis. Section 47 is not without ambiguity, but established rules of statutory construction point to a reasonable, and comprehensible, interpretation of the section. A statute's terms must be read harmoniously to effectuate the intent of the Legislature, see *Wilson* v. *Commissioner of Transitional Assistance*, 441 Mass. 846, 853 (2004), and in seeking to do so, "we look first and foremost to the language of the statute as a whole." *Matter of a Grand Jury Subpoena*, 447 Mass. 88, 90 (2006). The first sentence of § 47 speaks twice of being placed on "probation for any offense." The phrase "for any offense" by its terms suggests that the offense has been proved to have occurred, rather than just charged or alleged. The final two sentences of § 47, set out in the section's second paragraph (see note 7, *supra*), support this conclusion, and offer guidance for the interpretation of the section as a whole, when they refer interchangeably to a "probationer" and an "offender":

> "The fees incurred by installing, maintaining and operating the [GPS] device, or comparable device, *shall be paid by the probationer. If an offender* establishes his inability to pay such fees, the court may waive them" (emphases added).

"If a sensible construction is available, we shall not construe a statute . . . to produce absurd results." *Flemings* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 374, 375-376 (2000). Section 47 does not define "offender," but the ordinary and accepted meaning of the word "offender" is "[a] person who has committed a crime." Black's Law Dictionary 1110 (8th ed. 2004). See *Boylston* v. *Commissioner of Revenue*, 434 Mass. 398, 405 (2001) ("We usually determine the 'plain and ordinary meaning' of a term by its dictionary definition").[8] If one accepts

---

[8] Use of the term "offender" in other statutes is consistent with this common meaning of the term. See G. L. c. 6, § 178C (to which § 47 refers for

this definition of offender, then adopting the Commonwealth's proposed interpretation of the word "probationer," to mean not only convicted defendants who have been placed on probation as part of a sentence but all defendants on probation, whether before trial or after conviction, leads to the following result: the section would require fees from all "probationer[s]," but allow fee waivers only for probationers who were also "offender[s]." This is an absurd, and untenable, result. Clearly, it is more reasonable to infer that the Legislature was using the terms "probationer" and "offender" interchangeably in the second paragraph of § 47, and therefore intended the term "probationer" to cover only those defendants who had been convicted and sentenced to a term of probation. And because we assume that the Legislature intended consistency between the first and second paragraphs of § 47, see *Commonwealth* v. *Hilaire*, 437 Mass. 809, 816 (2002), we interpret the phrase "[a]ny person . . . placed on probation for [a sex] offense" in the first paragraph as referring to a person who is placed on probation as part of a sentence after conviction.

The legislative history of § 47 supports our reading. See *Matter of the Liquidation of Am. Mut. Liab. Ins. Co.*, 440 Mass. 796, 801-802 (2004), quoting *Boylston* v. *Commissioner of Revenue*, 434 Mass. at 401 ("Because the statutory language 'does not provide a definite answer to the question, it is appropriate to consult other sources to obtain a resolution,' . . . including the relevant legislative history, insofar as it sheds light on the Legislature's purpose in enacting the section"). Cf. *Commonwealth* v. *Millican*, 449 Mass. 298, 305 (2007), quoting *Sterilite Corp.* v. *Continental Cas. Co.*, 397 Mass. 837, 839 (1986) ("Although we have concluded that the words of the statute are not ambiguous, 'we should not accept the literal meaning of the words of a statute without regard for that statute's purpose and history' "). Section 47 originated in the House of Representatives. The original bill had no provisions relating to GPS; it provided only for the extension of the statute of limitations for certain sex offenses. 2006 House Doc. No. 5131. See 2005 House

other definitions), defining "[s]ex offender" as a person "who has been *convicted* of a sex offense" (emphasis added). See also G. L. c. 119, § 52 ("[y]outhful offender"); G. L. c. 125, § 1 (*c*) ("committed offender"). See generally *Boylston* v. *Commissioner of Revenue*, 434 Mass. 398, 405 (2001) (looking to definitions in related statutes for guidance).

Doc. No. 836. On July 26, 2006, the House of Representatives adopted a substitute bill, adding a section to require that "[a]ny individual convicted of" certain sex offenses be monitored by GPS.[9] 2006 House Doc. No. 5234, § 7. Convicted individuals were required to wear the GPS devices as a "condition[] of *post-release* supervision" (emphasis added) — a phrase that clearly suggests parole — but the commissioner was designated in the bill to administer the devices. It was not entirely clear whether the Commissioner of Probation or the Commissioner of Correction would establish geographic exclusion zones. Violations would be adjudicated by the parole board, and the new language would be added to G. L. c. 127, § 133, relating to parole. The bill thus suffered from several internal contradictions: it placed convicted individuals under the dual authority of both the Commissioner of Probation and the parole board; and while it purported to cover all convicted individuals, it referred to conditions of postrelease supervision, which would only apply to those sentenced to a term of incarceration.

On July 27, 2006, the Senate amended the bill to resolve these contradictions, by splitting the GPS section into two: one referring to parolees, to be administered and adjudicated by the parole board; and the other referring to probationers, to be administered and adjudicated by the commissioner. See 2006 Senate J. 2678. These two proposed sections replaced the term "convicted individual" in the House bill with "parolee" or "probationer," as appropriate.[10] The Senate version of the GPS monitoring requirement was enacted with no further substantive changes. See St. 2006, c. 303, §§ 7, 8. There is no evidence in the legislative history to indicate or suggest that the Senate intended by its amendments to expand the scope of the legislation beyond convicted individuals; the more reasonable conclusion to draw is the one implicit in the structure and language of the amendments themselves, namely, that the Senate was attempting to resolve the

[9]The substitute bill also contained provisions relating to the sex offender registry board, requiring community parole supervision for life, and forbidding level three offenders from living in nursing homes and other care facilities. 2006 House Doc. No. 5234.

[10]The single exception was the one discussed above: the term "convicted individual" was replaced by "offender" (rather than "probationer") in the second paragraph of the proposed section dealing with probationers. Compare 2006 House Doc. No. 5234, § 7, with St. 2006, c. 303, § 8.

obvious jurisdictional confusion in the House version by clarifying that convicted sex offenders on probation would have their GPS devices monitored by the commissioner, and those on parole would have theirs monitored by the parole board.

In sum, we conclude from the language and history of § 47 that the Legislature intended the GPS requirement to apply only to convicted individuals.[11] The Commonwealth argues, however, that § 47 must be interpreted harmoniously with G. L. c. 276, § 87, the statutory authority on which the defendant's probation was set, which uses the blanket term "probation" to refer to both pretrial and postconviction probation. The argument is not persuasive. While G. L. c. 276, § 87, does use the word "probation" as the Commonwealth states, the section also contains specific language to indicate when it is referring to pretrial probation (a court "may place on probation . . . any person before it charged with an offense or a crime . . . with the defendant's consent, before trial and before a plea of guilty"), and when it is referring to postconviction probation ("or in any case after a finding or verdict of guilty"). The section thus may suggest that when the Legislature intends the term "probation" to apply to both types of probation, it demonstrates that intent with explicit, descriptive language. Moreover, the Legislature has also used the term "probation" in statutes other than § 47 to refer solely to postconviction probation. See, e.g., G. L. c. 276, § 58 (factors in setting bail include "whether [the person] is on probation, parole, or other release pending completion of sentence for any conviction").

*Conclusion.* We hold that G. L. c. 265, § 47, does not apply to persons, such as the defendant in this case, who are placed on pretrial probation. We therefore do not reach the reported questions. The report is discharged and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

[11]We note that the defendant appropriately does not suggest that a judge lacks the discretionary authority, in an individual case, to impose compliance with a GPS requirement as a condition of approving a joint recommendation for pretrial probation under G. L. c. 276, § 87.