McEvoy, Christine M., J.
INTRODUCTION
The Plaintiffs, ten former package delivery drivers who owned their own delivery vehicles and who worked for the defendant, Staples, Inc. (“Staples”), brought this action alleging that they were misclassified as independent contractors. They claim a violation of G.L.c. 149, §148B (Count I) and that, as a result, they are owed wages under G.L.c. 149, §148 (Count II) and overtime pay under G.L.c. 151, §1A and Massachusetts common law (Count III).[2] This matter came before the court on Staples’ Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6).
DISCUSSION
Staples argues the Plaintiffs’ state law claims are preempted by federal motor carrier deregulation statutes, in that the application of the Massachusetts Independent Contractor Statute, G.L.c. 149, §148B, *262 would necessarily affect Staples’ prices, routes and services and ignores the integral role that independent contractors play in meeting the Congressional goals of motor carrier deregulation.
I. Standard of Review
Pursuant to the standard of review adopted by the Supreme Judicial Court in 2008 for motions to dismiss, “a plaintiffs obligation to provide the ‘grounds’ of his entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint axe true (even if doubtful in fact) . . .’’ Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). At the pleading stage, the plaintiff is required to present “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement. .. that the plain statement possess enough heft to sh[ow] that the pleader is entitled to relief.” Id. at 637, quoting Bell Atl. Corp., 550 U.S. at 557 (internal quotations omitted).
II. Preemption Under the Federal Aviation Administration Authorization Act
Staples contends the Plaintiffs’ claims are preempted by the Federal Aviation Administration Authorization Act of 1994 (the “FAAAA”). The FAAAA was aimed at deregulating the trucking industry and provides, in pertinent part, that “a State... may not enact or enforce a law. . . related to a price, route, or service of any motor carrier . . . with respect to the transportation of property.” 49 U.S.C. §1450(c)(1).
In Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992), the Supreme Court explained that the purpose of the this provision was to prevent the states from undoing what the federal regulations had accomplished. Id. at 378-79. It does not, however, follow that all state statutes which relate in any way to the trucking industry are preempted. See Rowe v. New Hampshire Motor Transp. Ass’n, 552 U.S. 364, 375 (2008). Whether the effect is direct or indirect, the analysis is whether the state law has a significant impact on a carrier’s “price, routes, or service” or whether the impact is tenuous, remote, or peripheral. See id. (stating “federal law does not preempt state laws that affect rates, routes, or services in ‘too tenuous, remote, or peripheral a manner’ ”), citing Morales, 504 U.S. at 390. If the state statute has a significant impact on the FAAAA’s objective to assure transportation rates, routes and services that reflect competitive market forces, then it is preempted. See id. (“the state laws whose ‘effect’ is ‘forbidden’ under federal law are those with a 'significant impact’ on carrier rates, routes, or services”), citing Morales, 504 U.S. 390 (emphasis added). If, however, the state statute’s impact is merely tenuous, remote or peripheral, then there is no preemption. Id.
Furthermore, preemption analysis begins with the presumption against preemption and this presumption is heightened in areas of traditional state law regulation. DiFiore v. American Airlines, Inc., No. 07-10070, 2009 WL 5103179, at *3 (D.Mass. Dec. 23, 2009), citing New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 654 (1995). Employment and wage laws are traditionally governed by state law and the presumption against preemption is, accordingly, heightened. See id. at *4-5 (stating “eveiy circuit court but one to consider employee claims has held the claims at issue not preempted”), and cases cited; see also Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994) (“Preemption of employment standards within the traditional police power of the State should not be lightly inferred”) (internal citations and quotations omitted).
Staples relies heavily on Rowe, which establishes that state law will only be preempted under the FAAAA when there is a significant impact on carrier prices, routes or services. 552 U.S. at 375-76. In applying this analysis to the statute at issue in Rowe, Justice Breyer concluded that a Maine law, which allowed retailers to sell tobacco only if they utilized delivery by a carrier who complied with certain recipient verification procedures and imposed on the carriers themselves constructive knowledge that the packages being delivered contained tobacco product, was preempted by the FAAAA. Id. at 371. According to Justice Breyer, the Maine law had a direct connection and significant impact on motor carrier services as it obligated the carriers to perform certain services and functions which the federal law does not require. Id. at 371. In addition, he reasoned that to require carriers to examine each package and to compare it against the Maine attorney general’s list of proscribed shippers would directly affect the carrier’s pickup and delivery services. Id. at 371-72. Ultimately, the Supreme Court reasoned that the impact of the Maine laws on prices, routes and services was significant and not tenuous, remote or peripheral, specifically stating
[t]he state statutes aim directly at the carriage of goods, a commercial, field where carriage by commercial motor vehicles plays a major role. The state statutes require motor vehicle carrier operators to perform certain services, thereby limiting their ability to provide incompatible alternative services; and [the statutes] do so simply because the State seeks to enlist the motor carrier operators as allies in its enforcement efforts.
Id. at 375-76. It is clear from Rowe that a case by case analysis must be undertaken and that the FAAAA’s preemption provision is not without limits. Id.; see also DiFiore, 2009 WL 5103179, at *7.
Applying this analysis to the case at bar, it is clear that the effect of the law classifying independent contractors, G.L.c. 149, §148B, and the Massachusetts wage laws, G.L.c. 149, §148 and G.L.c. 151, §1A, do *263 not significantly affect carrier prices, routes and services. Here, the Plaintiffs’ claim is that in delivering goods for Staples they have certain rights under the prevailing wage statutes which were violated because they were employees and not independent contractors. Claims under these employment provisions pertain to all workers and therefore, are of general applicability. The effect on Staples’ routes, prices and services is not significant, but merely remote, tenuous or peripheral. Staples’ core business function is not comprised of its delivery services; rather, it is primarily an office supply store. The Plaintiffs do not claim that Staples cannot ever employ independent contractors; rather, they assert that, in the circumstances presented here, they were, in fact, employees and thus, protected by the wage laws. The employment provisions at issue in the current case affects Staples only in its capacity as an employer, and not as to the tangential delivery of its goods. The Massachusetts laws at issue in this case do not infringe on Congress’ objective, i.e., they do not prevent Staples from relying on competitive market forces in setting its rates, routes, and services. Rowe, 552 U.S. at 371.
Courts have consistently found that employment laws are of general applicability. See DiFiore, 2009 WL 5103179, at *4-5, and cases cited. Here, the wage laws relating to the terms of employment and the classification of whether a person is an independent contractor are to protect worker’s rights. Whether or not the Plaintiffs are employees or independent contractors is to be determined at trial. The effect of the Massachusetts laws is not to prohibit companies from utilizing independent contractors and Staples has every right to do so; the laws are to protect workers who are, in fact, employees so that they can enjoy the benefits of that status. This is not to say that certain state laws relating to employment might be preempted as they would have a significant impact on prices, routes or services, but this is not the case here. Applying the presumption against preemption applicable to employment laws, there is no significant effect on the prices, routes or services of Staples; any effect is peripheral, tenuous, or remote. The court finds no preemption by the FAAAA.
ORDER
For the reasons set forth above, it is hereby ORDERED that Staples’ Motion to Dismiss is DENIED.

The Plaintiffs have not brought this suit as a class action and do not seek injunctive relief.