Curran, Dennis J., J.
This lawsuit arises from the Messrs. Okeke, Paquiot and others’ work for Dynamex Operations East, Inc. Dynamex characterizes their service as that of independent contractors, while the plaintiffs maintain that they should have been classified as employees under G.L.c. 149, §148B. The defendants have submitted a motion for summary judgment, in which they contend that section 148B is preempted by the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §14501 (referred to as the Act). This Court joins in the unanimous consensus of every other state and the federal court in Massachusetts that has addressed this issue, and holds that section 148B is not preempted by the Act.
‘The [Act] broadly preempts the enforcement of any law[s], regulation[s], or other provision[s] having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property.” Martins v. 3PD, Inc., No. 11-11313, 2013 WL 1320454, at *10 (D.Mass. Mar. 28, 2013), quoting 49 U.S.C. §14501(c)(l). The argument that the Act preempts section 148B echoes that raised in other courts that have addressed the issue. As in those cases, Dynamex suggests that section 148B functions as a de facto ban on the use of independent contractors by delivery companies in Massachusetts, where those contractors would themselves perform delivery services.[1] As a result, Dynamex contends, section 148B has the effect of altering the prices charged by motor carriers, because they are forced to bear the increased costs and other burdens associated with relying exclusively on employees to provide delivery services.
“[T]he [Act]’s preemption provision does not have infinite reach.” Martins, 2013 WL 1320454, at *10. It does not encompass “[g]eneral laws that affect [motor carriers] ‘only in their capacity as members of the public.’ ” Schwann v. FedEx Ground Package Sys., Inc., 11-11094, 2013 WL 3353776, at *3 (D.Mass. Jul. 3, 2013), quoting Rowe v. N.H. Motor Transp. Ass’n, 552 U.S. 364, 371 (2008). State laws of general applicability, such as section 148B,'are not preempted by the Act simply because they “affect[ ] market forces at work in [motor carriers’] pricing decisions.” Martins, 2013 WL 1320454, at *10, citing DiFiore v. Am. Airlines, Inc., 646 F.3d 81, 89 (1st Cir. 2011).
Taken to its logical conclusion, Dynamex’s view would have the effect of exempting it from “state taxes, state lawsuits of many kinds, and perhaps most other state regulation of any consequence.” Id., quoting DiFiore, 646 F.3d at 89. This Court is obligated to construe the Act, like all statutes, to avoid such absurdity. See Commonwealth v. Raposo, 453 Mass. 739, 745 (2009). Accordingly, this Court concludes that section 148B is not preempted by the FAAAA. Accord Schwann, 2013 WL 3353776, at *3; Martins, 2013 WL 1320454, at *10; Oliveira v. Advanced Delivery Sys., Inc., No. 09-1311, 2010 WL 4071360, at *4 (Mass.Super.Ct. Jul. 16, 2010) [27 Mass. L. Rptr. 402]; Derochers v. Staples, Inc., No. 09-4845, 2010 WL 6576214, at *2-3 (Mass.Super.Ct. Jun. 8, 2010) [28 Mass. L. Rptr. 261].[2]
ORDER
For these reasons, Dynamex’s motion for summary judgment is DENIED.

This interpretation of section 148B directly contradicts the interpretation Dynamex advanced in its opposition to the plaintiffs’ motion for summary judgment. 'There, Dynamex *536 lengthily argued that section 148B does not function as a broad ban on the use of independent contractors by businesses in the same field. Instead, Dynamex suggested that section 148B should be interpreted to allow the use of independent contractors, even by a business operating in the same field, where the independent contractors are part of a legitimate, independent business.
Such disingenuousness cannot be rewarded. Dynamex cannot argue, on the one hand, that section 148B should be narrowly construed to allow the use of independent contractors for the purposes of its opposition to the plaintiffs’ motion for summary judgment, and on the other, that section 148B should be broadly construed as a blanket prohibition of such use for the purposes of its preemption argument in its own motion for summary judgment.
Given that this Court accepted Dynamex’s suggested narrow construction of section 148B in its Memorandum of Decision and Order on the plaintiffs’ motion for summary judgment (Dec. 3, 2013), Dynamex is judicially estopped from adopting a contradictory position in its own motion for summary judgment. Error! Main Document Only. See E. Cambridge Sav. BanJc v. Wheeler, 422 Mass. 621, 624 (1996).

To the extent Sanchez v. Lasership, Inc., No. 1:12-CV-246 (E.D.Va. 2013), reaches a different result, it is premised on the view that section 148B functions as a ban on the use of independent contractors by businesses in the same industry. That construction of section 148B has been specifically rejected by other courts in this jurisdiction, e.g. Derochers, 2010 WL 6576214, at *3, and by this Court in its Memorandum of Decision and Order on the plaintiffs’ motion for summary judgment.