## ROBERT P. TARDIFF, petitioner.

Suffolk. October 3, 1951. — January 9, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil*, Report, Case stated. *Habeas Corpus. Defective Delinquent. Notice.*

A habeas corpus proceeding was not properly before this court under G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1; c. 231, § 111, upon a purported report by a judge of the Superior Court, without a finding or decision, "on the . . . petition . . . and answer" where they together did not constitute an "agreement as to all the material facts" amounting to a case stated, although the "answer" admitted some of the important allegations of the petition.

An order of commitment of one as a defective delinquent under G. L. (Ter. Ed.) c. 123, § 113, was void if neither he nor anyone in his behalf had proper notice of the application for his commitment or, even though proper notice was given, if the court failed to make and record a finding that he was a defective delinquent.

Habeas corpus would be a proper remedy for the release of one committed as a defective delinquent under G. L. (Ter. Ed.) c. 123, § 113, if the order of commitment was void.

PETITION, filed in the Superior Court on April 12, 1951, for a writ of habeas corpus.

The case was heard by *Baker, J.*

In this court the case was submitted on briefs.

*J. J. Moss & S. Bauman,* for the petitioner.

*F. E. Kelly,* Attorney General, *C. H. Walters & M. H. Selzo,* Assistant Attorneys General, for the respondent.

QUA, C.J. We are constrained to hold that this case is not properly before us. A petition for a writ of habeas corpus was filed in the Superior Court. The judge has attempted to report the case without decision "on the substitute petition, the return and answer."[1]

It is provided by G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1, that questions of law arising in any type of proceeding of which concurrent jurisdiction is vested in the Superior Court by the preceding section (including habeas corpus) may be reserved and reported for the consideration of the full court in the manner provided in G. L. (Ter. Ed.) c. 231, § 111, if such proceedings are at law. A petition for a writ of habeas corpus is a proceeding at law. *Chambers's Case,* 221 Mass. 178, 179. By c. 231, § 111, it is provided that a report may be made after verdict, after a finding by the court, or "where there is agreement as to all the material facts." It is plain that there has been no verdict and no finding by the court. Neither has there been an "agreement as to all the material facts." "These words are satisfied by nothing short of a case stated." *Scaccia* v. *Boston Elevated Railway,* 317 Mass. 245, 249. *Members of Bakery & Confectionery Workers International Union* v. *Hall Baking Co.* 320 Mass. 286, 290. It is true that some of the more important allegations of the petition are substantially admitted by the "answer." But the "answer" is narrower than the allegations of the petition, and an important admission is merely that "the respondent . . . is

---

[1] It is not wholly clear what is meant by "the return and answer." No return appears in the record, and it seems probable that the case was heard upon the petition without the issuance of any writ to which a return could be made. See *Chambers's Case,* 221 Mass. 178; *Graves's Case,* 236 Mass. 493, 499. There is a paper called an "answer." See *Chambers's Case,* 221 Mass. 178, 180.

informed and therefore believes," and so forth. The petition and answer cannot be taken together as amounting to a case stated. *Moore* v. *Election Commissioners of Cambridge,* 309 Mass. 303, 305–306. *Banks* v. *Election Commissioners of Boston,* 327 Mass. 509, 515. See *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 653. Compare *Compton* v. *State Ballot Law Commission,* 311 Mass. 643.

It follows that the report must be discharged. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519. "The duty of weighing evidence and of finding facts in the first instance in an action at law is not an appropriate function of a court of last resort." Id. at page 522. The judge who made the report has since deceased, so that a trial before another judge will be necessary.

Notwithstanding what has been said, the record and the briefs disclose a substantial probability that upon a new trial certain facts will be proved. We think it proper to indicate now what the result should be if such facts are proved. These facts are the following. On November 3, 1934, the petitioner, who was twenty years of age and feeble minded and had no attorney, pleaded guilty in the First District Court of Essex to the charge of using a motor vehicle without authority. In open court he was notified that his case was being continued until November 9 for his mental examination, and for want of bail was committed to jail in the interval. His father was in court with him on November 3 and knew that the petitioner was to be examined mentally "under this continuance." On November 9, upon application of the probation officer under G. L. (Ter. Ed.) c. 123, § 113 (see now said section as appearing in St. 1947, c. 684, § 1, as amended by St. 1948, c. 310, § 28), bearing date that same day, and after the filing of a certificate by two qualified physicians that the present petitioner was mentally defective (§ 115), the court so found[1] and found

---

[1] The findings do not include all of those required by § 113, as appearing in St. 1928, c. 333, and do include findings provided for when the section was in the form appearing in St. 1922, c. 535, § 7.

that the petitioner had within three years been found guilty of an offence such as is described in § 113, but the court did not make the finding required by § 113, as appearing in St. 1928, c. 333, that the petitioner was a defective delinquent. Thereupon the court ordered the petitioner committed to the department for defective delinquents at Bridgewater. On that day the petitioner was in court alone. No notice was given to the petitioner or to his father of the filing by the probation officer of the application for the petitioner's commitment as a defective delinquent. Although the petitioner's father knew that the petitioner would be examined mentally during the continuance, it seems probable that neither the petitioner nor anyone in his behalf had proper notice that on November 9 a hearing would be held on the issue of defective delinquency.

If the facts outlined above, or their substantial equivalent, should appear, the case would fall within the authority of the recent decision in *O'Leary, petitioner*, 325 Mass. 179, and the petitioner would be entitled to release upon habeas corpus. The same result would follow even if proper notice was given, if the finding that the petitioner was a "defective delinquent" expressly required to be made and recorded by § 113 in the form in which that section appears in St. 1928, c. 333, and thereafter, with the meaning therein indicated, was never made. In that event the commitment of the petitioner would be without legal basis, and habeas corpus would be a proper remedy. *O'Leary, petitioner*, 325 Mass. 179, 184–185.

*Report discharged.*