COMMONWEALTH vs. PATRICK A. THERRIAULT.

Bristol.  November 2, 1987. — December 10, 1987.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Motor Vehicle,* Operating under the influence, Homicide. *Constitutional Law,* Cruel and unusual punishment, Separation of powers. *Due Process of Law,* Sentence. *Practice, Criminal,* Sentence.

The mandatory one-year term of imprisonment prescribed by G. L. c. 90, § 24G (*a*), in the case of a defendant convicted of homicide by motor vehicle while intoxicated, was not so disproportionate to the offense as to violate his Federal and State constitutional rights to be secure from cruel and unusual punishment. [239-241]

A defendant convicted of homicide by motor vehicle while intoxicated failed to sustain his claim that the mandatory one-year term of imprisonment prescribed by G. L. c. 90, § 24G (*a*), bore no reasonable relationship to a permissible legislative objective, and thus was not a valid exercise of the Legislature's authority. [241-242]

General Laws, c. 90 § 24G (*a*), which prescribes a mandatory one-year term of imprisonment for defendants convicted of homicide by motor vehicle while intoxicated, does not infringe on judicial discretion in violation of the separation of powers doctrine embodied in art. 30 of the Massachusetts Declaration of Rights. [242]

COMPLAINT received and sworn to in the Taunton Division of the District Court Department on January 21, 1985.

On appeal to the jury session of the Fall River Division, the case was heard by *Robert L. Anderson,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Orlando F. deAbreu* for the defendant.

*Dana A. Curhan,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. The defendant was charged under G. L. c. 90, § 24G (*a*),[1] with homicide by motor vehicle while intoxicated.

---

[1] Two other complaints (operating under the influence of liquor and operating to endanger) were properly dismissed as duplicitous. See *Commonwealth v. Jones,* 382 Mass. 387 (1981).

He filed a motion to dismiss, alleging that the mandatory sentencing provisions of § 24G (*a*) violate Federal and State provisions against cruel and unusual punishment, violate his rights to due process, and offend the doctrine of separation of powers under art. 30 of the Massachusetts Declaration of Rights. The motion was denied. The defendant waived his right to trial by jury and admitted to sufficient facts to warrant a finding of guilty, without surrendering his right to challenge the constitutionality of the sentencing provisions of § 24G (*a*). The trial judge found sufficient facts, entered a finding of guilty, and imposed the minimum statutory penalty of imprisonment in a house of correction for one year. Execution of the sentence was stayed pending appeal. We transferred the case from the Appeals Court on our own motion.

The defendant admitted at trial that he had consumed ten beers and a shot of liquor on the day of the accident. He stated to police officers that he and the decedent left the tavern where they had been drinking and drove to a restaurant to eat. After the two left the restaurant, the fatal accident occurred. The defendant stated that he was traveling approximately sixty miles per hour in a forty mile per hour zone. He could not recall all the events of the crash, but did remember colliding with a van. Officers at the scene observed heavy damage to the passenger side of the defendant's vehicle, and called for the fire rescue team. The officer who first approached the vehicle noticed the defendant in the driver's seat, bleeding from the head, and he detected an odor of alcohol emanating from the automobile. Other officers at the scene observed empty beer bottles in and around the defendant's vehicle. Witnesses told police that the defendant was traveling at a high rate of speed and apparently lost control of his vehicle, striking the sidewalk, a snowbank, and another automobile before finally colliding with the van. The defendant was arrested and given his Miranda warnings before being transported to a hospital for treatment. The defendant's passenger was taken to the hospital, where he was pronounced dead.

On appeal, the defendant claims that the statute under which he was convicted and sentenced is unconstitutional. We disagree.

It should be noted initially that we grant substantial deference to the broad authority of the Legislature to set the duration of imprisonment when prescribing penalties for criminal offenders. *Commonwealth* v. *Morrow,* 363 Mass. 601, 610 (1973). We are also mindful that the Legislature has latitude in determining limits on the discretion that the trial judges possess in sentencing convicted criminals. *Solem* v. *Helm,* 463 U.S. 277, 290 (1983). Although mandatory minimum jail terms can be criticized for restricting the sentencing options available to a trial judge, this criticism alone is not sufficient to invalidate an act of the Legislature. See *Commonwealth* v. *Jackson,* 369 Mass. 904, 910-912 (1976).

The minimum penalty provided under section 24G (*a*) is a one-year commitment to a house of correction. Under the statute, the sentence "shall not be reduced to less than one year, nor suspended, nor shall any person convicted under this subsection be eligible for probation, parole, or furlough or receive any deduction from his sentence . . . ."[2] We shall address each of the defendant's constitutional challenges to the statute in turn.

1. *Cruel and unusual punishment.* The defendant contends that the one-year minimum mandatory prison term imposed by § 24G (*a*) is so disproportionate to the offense of homicide by motor vehicle while intoxicated that it constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and art. 26 of the Massachusetts Declaration of Rights. Over a decade ago, this court upheld against an identical challenge the mandatory minimum one-year sentence for the offense of carrying a firearm without a license in violation of G. L. c. 269, § 10 (*a*). *Commonwealth* v. *Jackson, supra* at 909. In *Jackson,* we utilized a tripartite test

---

[2] General Laws c. 90, § 24G (*a*) (1984 ed.), provides in part that whoever "shall be guilty of homicide by a motor vehicle while under the influence of an intoxicating substance, . . . shall be punished by imprisonment in the state prison for not less than two and one-half years or more than ten years and a fine of not more than five thousand dollars, or by imprisonment in a jail or house of correction for not less than one year nor more than two and one-half years and a fine of not more than five thousand dollars."

for disproportionality, which considered: (i) the nature of the offense and the offender in light of the degree of harm to society; (ii) a comparison of the challenged punishment with other punishments imposed within the State; and (iii) a comparison of the challenged punishment with punishments imposed for the same or similar crimes in other jurisdictions. *Id.* at 910-913. We use the same analysis today.[3]

We need not embark on a lengthy discussion to pass the sentencing provisions of § 24G (*a*) by each prong of the disproportionality test.[4] The defendant concedes that the first prong of the test is satisfied. Although the defendant may have intended the victim no harm, we must consider the danger inherent in negligently operating a motor vehicle while intoxicated in light of the total and irreversible harm caused to the victim and the threat that such activity poses to society. In enacting § 24G, the Legislature has demonstrated its unwillingness to tolerate the alarming increase of highway deaths caused by negligent and intoxicated drivers.

The defendant urges, however, that upon comparing the mandatory sentencing provision of § 24G (*a*) with punishments

---

[3] Subsequent to our decision in *Jackson,* the United States Supreme Court in *Solem, supra,* espoused a virtually identical three-prong test to consider a cruel and unusual punishment claim involving a life sentence imposed for a false check violation under a State repeat offender statute. In defining its "proportionality analysis," the Court held that judicial review of Eighth Amendment cases should be "guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem, supra* at 292. The Court further explained that, in considering the gravity of the offense under the first prong of the test, "[c]omparisons can be made in light of the harm caused or threatened to the victim or society, and the culpability of the offender." *Id.* The *Solem* decision confirms that the disproportionality test adopted by this court in *Commonwealth* v. *Jackson* sets forth the appropriate standard for reviewing the defendant's cruel and unusual punishment claim under both State and Federal constitutional law.

[4] In *Solem* v. *Helm, supra,* the United States Supreme Court noted, "In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Id.* at 290 n.16.

imposed for other crimes in the Commonwealth and with punishments imposed for the same or similar crimes in other jurisdictions, the statute appears unconstitutionally severe. In support of this argument, the defendant asserts that because mandatory minimum jail sentences are not imposed in the Commonwealth for many serious crimes including armed robbery, G. L. c. 265, § 17, and rape, G. L. c. 265, § 22, the one-year minimum term under § 24G (a) is excessive by comparison. The argument is faulty. Although the above-listed felonies do not prescribe mandatory minimum penalties, each carries a maximum penalty of life imprisonment. When we compare the range of sentences available under each of these crimes with those available under § 24G (a), the penalties for vehicular homicide while intoxicated are not unconstitutionally disproportionate. Indeed, a more appropriate comparison can be made between the sentence available under § 24G (a) and those available for similar offenses such as operating to endanger, G. L. c. 90, § 24 (2) (a), and operating under the influence, G. L. c. 90, § 24 (1) (a)(1). Both of these crimes allow the imposition of a jail term of up to two years, a maximum penalty only slightly less severe than that prescribed by § 24G (a).

Nor are we convinced that the mandatory one-year jail term is unconstitutionally disproportionate to the penalties imposed by other States. Although Massachusetts was the first State to subject first offenders convicted of motor vehicle homicide while intoxicated to a nonreducible mandatory prison sentence, the range of possible sentences that a similar offender faces in other jurisdictions is comparable to, if not greater than, those prescribed by § 24G (a). See, e.g., Alaska Stat. § 11.41.120 (1983), and § 12.55.125 (1984 & 1987 Supp.) (manslaughter — twenty years); Cal. Penal Code § 191.5 (Deering Supp. 1987) (gross vehicular manslaughter while intoxicated — four, six or ten years' imprisonment); N.Y. Penal Law § 125.12 (Consol. Supp. 1986) (vehicular manslaughter, 2d degree — class D felony — seven-year prison term maximum).

2. *Due process.* To succeed in a due process attack on the mandatory minimum one-year sentence the defendant must

establish that the statute bears no reasonable relation to a permissible legislative objective. *Commonwealth* v. *Jackson, supra* at 918. The defendant insists that the sole legislative objective in enacting § 24 G (*a*) was to deter drunk driving, and he makes the unsubstantiated claim that a mandatory one-year jail term does not bear a reasonable relation to the accomplishment of that goal. By failing to present any support for his position, however, the defendant does little else than attempt to reopen a debate that has already been settled on the floor of the Legislature. Moreover, the defendant's argument ignores completely that this court has recognized that punishment serves other societal interests including isolation and incapacitation, retribution and moral reinforcement, and reformation. *Cepulonis* v. *Commonwealth,* 384 Mass. 495, 499 (1981). Without evidence that the sentencing provisions of § 24G (*a*) do not serve the objectives of the Legislature, the defendant has failed to sustain his heavy burden of demonstrating that the statute lacks a rational basis.

3. *Separation of powers.* The defendant requests that we reconsider our reasoning in *Commonwealth* v. *Jackson, supra* at 920-925 (upholding a one-year minimum sentence for carrying an unlicensed firearm), and rule that in the circumstances of the instant case the one-year minimum prison sentence under § 24G (*a*) violates the separation of powers doctrine embodied in art. 30 of the Massachusetts Declaration of Rights. We disagree.

The victim in this case lost his life at the hands of the defendant, who recklessly or negligently drove his vehicle while intoxicated. We refuse to read into the Legislature's one-year minimum sentencing mandate "some saving flexibility in favor of a sympathetic defendant enmeshed in the web of a mandatory sentence." *Commonwealth* v. *Lindsey,* 396 Mass. 840, 843 (1986).

4. *Conclusion.* The mandatory minimum sentence provision in § 24G (*a*) does not offend the provision against cruel and unusual punishment as expressed in the United States Constitution and the Massachusetts Constitution, or due process prin-

ciples, or provisions for separation of powers under art. 30 of the Massachusetts Declaration of Rights.

*Judgment affirmed.*