## Scott A. Gagnon, petitioner.

Essex. November 3, 1993. - January 13, 1994.

Present: Liacos, C.J., Abrams, Nolan, Lynch, & Greaney, JJ.

*Sex Offender. Practice, Civil*, Sex offender, Appeal. *Due Process of Law*, Sex offender. *Constitutional Law*, Sex offender, Equal protection of laws.

In a proceeding under G. L. c. 123A, § 9, seeking a discharge from the treatment center at M.C.I., Bridgewater, the judge correctly rejected the petitioner's claim that he was entitled, on constitutional grounds, to a jury trial on the issue whether he remained a sexually dangerous person; moreover, the judge properly declined to make findings on the adequacy of the petitioner's treatment, inasmuch as discharge proceedings under § 9 are to determine the single issue of whether or not the petitioner is a sexually dangerous person. [778-779]

This court declined to exercise its discretion to consider, on a petition pursuant to G. L. c. 123A, § 9, the petitioner's claim that with the Legislature's repeal of §§ 3-6, and § 7 of G. L. c. 123A, his continued commitment to the treatment center at M.C.I., Bridgewater, violated Federal and State constitutional principles of due process and equal protection, where a § 9 petition was not an appropriate proceeding for raising these issues, and where the constitutional arguments made by the petitioner were raised for the first time on appeal and on a record that did not provide a basis for their intelligent resolution. [779-780]

Petition filed in the Superior Court Department on May 25, 1988.

The case was heard by *John A. Tierney*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Nona E. Walker*, Committee for Public Counsel Services, for the petitioner.

*Kristin C. Guyot*, Assistant Attorney General, for the Commonwealth.

GREANEY, J. The petitioner, Scott A. Gagnon, adjudged a sexually dangerous person in 1980, and committed to the treatment center at the Massachusetts Correctional Institution at Bridgewater (center) for an indeterminate period of from one day to life, filed a petition for discharge pursuant to G. L. c. 123A, § 9 (1988 ed.).[1] At the evidentiary hearing held on his petition, the petitioner claimed to be entitled, on constitutional grounds, to decision by a jury whether he continued to be a sexually dangerous person. A judge in the Superior Court rejected this claim and denied the petition. The judge found that the Commonwealth had proved beyond a reasonable doubt that the petitioner remained a sexually dangerous person. The petitioner filed a timely appeal in which he raised for the first time the claim that, in view of the repeal in 1990 of the commitment provisions of G. L. c. 123A,[2] his continued commitment under that statute violated Federal and State constitutional guarantees of due process and equal protection. We granted the petitioner's application for direct appellate review. We decline to exercise our discre-

---

[1] This section of the law provides, in pertinent part, as follows: "Any person committed to the center shall be entitled to file a petition for examination and discharge once in every twelve months."

[2] Statute 1990, c. 150, § 104, provides as follows:

"[N]o person shall be newly committed to the treatment center for sexually dangerous persons or to any branch thereof under the provisions of [G. L. c. 123A] on or after September first, nineteen hundred and ninety; provided, however, that all persons committed to such treatment center, as of said date, pursuant to an order of commitment issued prior to said date, shall be maintained at said treatment center subject to the provisions of said [G. L. c. 123A]; provided, further, that upon a determination by the commissioner of correction and the commissioner of mental health that space within the treatment center has become available due to a decline in patient population, the commissioner of correction may utilize such space for the purposes of addressing overcrowding at facilities under his control or addressing any special correctional needs of the inmate populations at such facilities; provided, however, that upon utilization of available space by the department of correction, treatment center patients shall at all times remain separate and apart from department of correction inmates; and provided further, that the commissioner of correction shall develop a plan for a program of

tion to consider constitutional claims not raised or addressed below and conclude that the denial of the petition should be affirmed.

The judge found the following facts. The petitioner was convicted in the Superior Court of four counts of rape and one count of assault with intent to commit rape. He was sentenced to serve from twenty to thirty years at the Massachusetts Correctional Institution at Cedar Junction. Pursuant to G. L. c. 123A, § 6, he was found on April 4, 1980, to be a sexually dangerous person, as defined by G. L. c. 123A, § 1 (1992 ed.), and he was committed to the center. The petitioner also admitted to approximately twenty additional rapes of women. He was never charged with the commission of any of these crimes. Two qualified examiners testified at the hearing that, at the time the petition was filed, the petitioner remained a sexually dangerous person.[3] See G. L. c. 123A, § 1.

The examiners noted in particular the petitioner's desire for dominance over women, as well as his extraordinary anger against them; the violent sexual fantasies that he continued to have; and his lack of empathy for his victims. There was evidence before the judge, in the form of testimony and written reports from both examiners, that the petitioner recently had begun to benefit from his treatment at the center. The examiners also agreed, however, that the petitioner was not receiving certain kinds of treatment from which, in their opinion, he could benefit. It is not argued that the Commonwealth failed to prove that the petitioner remained a sexually dangerous person. The evidence was more than sufficient to warrant the judge's findings that the Commonwealth had

---

voluntary treatment services for sex offenders to be offered in facilities operated by the department of correction."

Section 304 of the same chapter repealed §§ 3-6, and 7 of G. L. c. 123A, which provided for the commitment to the center of sexually dangerous persons.

[3]The petitioner did not testify at the hearing, and he did not call any witnesses on his own behalf.

proved beyond a reasonable doubt that the petitioner was a sexually dangerous person.

1. As has been mentioned, at the hearing, the petitioner filed a motion for a jury trial on the issue whether he remained a sexually dangerous person. The basis for the motion was his assertion that he was not receiving adequate treatment for the psychological, as well as other, problems that had led to his initial commitment to the treatment center. According to the petitioner, without adequate treatment, his condition would not improve. In the absence of such treatment, it is argued, his continued commitment to the center has become criminal or penal in nature and, therefore, he is entitled under the Federal and State Constitutions to a trial by jury.

As the petitioner concedes, this court has already decided that a person is not entitled to a jury trial as a matter of Federal or State constitutional right in a proceeding under G. L. c. 123A, because "[b]alancing the interests affected . . . [t]he procedural requirements of G. L. c. 123A provide ample protection of the individual's due process rights." See *Commonwealth* v. *Barboza*, 387 Mass. 105, 111-113, cert. denied, 459 U.S. 1020 (1982). There was no basis at the hearing of what was a straightforward § 9 petition for the judge to consider a departure from the *Barboza* decision. The judge also properly declined to make findings on the adequacy of the petitioner's treatment. "Proceedings under G. L. c. 123A, § 9, are to determine the single issue whether or not the petitioner is a sexually dangerous person, as defined by G. L. c. 123A, § 1 . . . . In order to simplify and expedite hearings under G. L. c. 123A, § 9, such hearings should be restricted to the sole issue for which they were intended." *Davis, petitioner*, 383 Mass. 645, 649-650 (1981). See *Thompson, petitioner*, 394 Mass. 502, 504 (1985). Another more appropriate proceeding exists for mounting a challenge to the constitutional sufficiency of the procedure resulting in his commitment when the person committed claims, based on an alleged absence of beneficial treatment, that he is being held in a penal rather than a remedial set-

ting.[4] See G. L. c. 248 (1992 ed.). See also *Averett, petitioner*, 404 Mass. 28, 30 (1989); *Davis, petitioner, supra* at 650.

2. On appeal, the petitioner argues for the first time that with the Legislature's repeal of §§ 3-6, and 7 of G. L. c. 123A, see note 2, *supra*, his continued commitment to the center violates Federal and State constitutional principles of due process[5] and equal protection.[6] For the reasons explained

---

[4] The petitioner's claim of inadequate treatment also does not have force in light of the testimony and other evidence before the judge. The evidence tended to show that the petitioner was receiving adequate treatment, and that his commitment, therefore, qualified as a remedial one. There was evidence that the petitioner was participating in group therapy, from which he was benefiting, that he had received individual therapy at certain times; and that, while at the center, he had earned a high school equivalency certificate and had enrolled in college level courses. He had, on occasion, declined to participate in certain therapy prescribed for him by the center's staff. There also was evidence that the petitioner was not receiving certain kinds of treatment from which, most probably, he would benefit. A person in the petitioner's position is entitled to "treatment which is suitable for him to the best of the staff's collective judgment," *Newton, petitioner*, 357 Mass. 346, 352 (1970), but not to optimal treatment. *Commonwealth* v. *Davis*, 407 Mass. 47, 49-50 (1990). The petitioner, however, remains free to raise the issue of the adequacy of his treatment in an appropriate proceeding.

[5] The petitioner argues that his right to due process was violated because, with the repeal of the commitment provisions of G. L. c. 123A, § 9, the Legislature allegedly has rejected, as lacking a scientific basis, the theory that persons who commit repeated sexual offenses can be treated and rehabilitated. If treatment is likely to be futile, then the petitioner's continued commitment under G. L. c. 123A must be deemed punitive, or criminal, in nature, and he is entitled to all the due process protections, including trial by jury, that attach to a criminal prosecution. See *Commonwealth* v. *Page*, 339 Mass. 313 (1959).

[6] The petitioner claims a violation of his equal protection rights because, with the Legislature's repeal of §§ 3-6, and 7 of G. L. c. 123A, "no person is subject to classification as [a sexually dangerous person], and there can be no new commitments to the treatment center." *Commonwealth* v. *Arment*, 412 Mass. 55, 57 n.2 (1992). Statute 1990, c. 150, § 304, thus created two classes among individuals convicted of certain kinds of sexual offenses: those committed to the center, and those ineligible for commitment to the center. Those confined to the center under G. L. c. 123A are burdened (significantly) with an indefinite commitment of from one day to life.

in part 1 of this opinion, a § 9 petition is not an appropriate proceeding for raising these issues. The petitioner's position does not warrant departure from the general rule. If the petitioner was entitled to discharge from the center, he would be required to serve the balance of his twenty-to-thirty year sentence at the Massachusetts Correctional Institution at Cedar Junction. See G. L. c. 123A, § 9. See also *Langton* v. *Johnston*, 928 F.2d 1206, 1210 & n.4 (1st Cir. 1991). His right to freedom from incarceration is not at stake, and he appears to be receiving treatment at the center which is of benefit to him. See note 4, *supra*.

Of special significance is the fact that the constitutional arguments made by this petitioner to this court were not raised in the Superior Court. On occasion, we have exercised our discretion to consider important questions of public concern raised for the first time on appeal. See *Commonwealth* v. *Arment*, 412 Mass. 55, 57 (1992); *Filippone* v. *Mayor of Newton*, 392 Mass. 622, 627 n.8 (1984). Generally, however, we shall not address issues raised for the first time on appeal, if the record accompanying them is lacking, as is the case here, in providing a basis for their intelligent resolution. See *Commissioner of Correction* v. *McCabe*, 410 Mass. 847, 850 n.7 (1991); *Commonwealth* v. *Davis*, 407 Mass. 47, 52 (1990). The constitutional questions sought to be raised by the petitioner are not set forth in the context of an appropriate trial court adjudicatory proceeding. In the absence of such, the questions, at this point, may be better considered by the Legislature as it deals with the future legal implications of a considerably modified G. L. c. 123A, which closes the center and creates two classes of prisoners, one serving definite sentences while the other is committed indefinitely.

*Order denying petition affirmed.*