TIMOTHY WEIR GOODMAN, guardian,[1] & another[2] vs. STEVEN
ATWOOD & another.[3]

No. 09-P-2147.

Dukes County. October 6, 2010. - January 25, 2011.

Present: GRAHAM, VUONO, & GRAINGER, JJ.

Practice, Civil, Burden of proof, Findings by judge. Gift. Undue Influence.
    Intent.

At the jury-waived trial of a complaint alleging claims relating to a gift made
    to the defendant by a donor whose mental capacity was challenged by the
    plaintiff, the judge properly followed the usual assignment of the burden of
    proof to the plaintiff on the issue of donative capacity. [656-657]
At the jury-waived trial of a complaint alleging claims relating to a gift made to
    the defendant by a donor whose mental capacity was challenged by the
    plaintiff, there was sufficient evidence of the donor's capacity to support the
    judge's findings on that issue in favor of the defendant [657-658], and there
    was no clear error in the judge's ruling that the plaintiff did not prove undue
    influence over the donor by a preponderance of the evidence [658-659].

CIVIL ACTION commenced in the Superior Court Department on
October 4, 2006.

The case was heard by John C. Cratsley, J.

Jeremy M. Carter for Timothy Weir Goodman.

Dana Alan Curhan for the defendants.

GRAINGER, J. After a jury-waived trial, judgment entered for
the defendant on all claims relating to a gift made by a donor
whose mental capacity was challenged by the plaintiff.[4] On ap-
peal, the plaintiff first asserts that the trial judge erroneously

[1]Of Jean Knowles Goodman.

[2]Jean McIntosh, also as guardian of Jean Knowles Goodman. We note that
the record indicates that McIntosh was no longer a guardian by the time of trial,
and that she did not file a brief in this court.

[3]Animal Healthcare Associates, Ltd.

[4]We shall use the terms plaintiff and defendant rather than the plural form
of those terms.

failed to shift the burden of proof regarding donative capacity to the defendant. Next, he contends that the judge should have found that the defendant exercised undue influence over the donor while acting as her fiduciary. We affirm.

*Background.* We briefly address the facts presented at trial, reserving further detail for our discussion of the legal issues. This case has its genesis in several gifts made by Jean Knowles Goodman (donor) to her dog's veterinarian, the defendant, Dr. Steven Atwood. Between September and November of 2004, the donor gave the defendant several checks totaling $56,100.[5] The donor, who was eighty-five years of age at the time the gifts were made, had patronized the defendant's veterinary practice for nearly twenty years. She always paid her veterinary bills, but there was no evidence presented of any previous gifts to the defendant.

Shortly after the donor wrote the last check, she was hospitalized and diagnosed with dementia and alcohol dependency.[6] Based upon this medical diagnosis, the plaintiff was appointed as a guardian of the donor.

The trial judge found credible the testimony of a psychiatrist who examined the donor and testified on behalf of the defendant. This witness concluded that the donor lacked the capacity to make decisions or to care for herself, but that she would have understood she was giving away money. In finding for the defendant on the issue of donative capacity, the trial judge utilized the standard of evidence required to establish the validity of testamentary gifts,[7] but kept the burden of proof on the plaintiff.

*Discussion.* 1. *Donative capacity.* a. *Burden of proof.* First, we address the plaintiff's contention that the trial judge should have placed the burden of proving donative capacity on the defendant. The determination of which party has the burden to

---

[5]Around this same time the defendant was treating the donor's dog for cancer. The defendant also began to visit the donor at her home on a regular basis, something that he had not done previously. At these visits he cared for the dog and also socialized with the donor.

[6]The donor had also been treated for alcoholism and dementia in 2003, though it did not appear that the defendant was aware of this fact.

[7]When dealing with questions of testamentary capacity, "[t]he proponent of a will has the burden of proof on the issue of the soundness of mind of the testator." *Duchesneau* v. *Jaskoviak*, 360 Mass. 730, 732 (1972).

prove or disprove donative capacity is a threshold legal question; accordingly we review de novo. *Zabin* v. *Picciotto*, 73 Mass. App. Ct. 141, 170 (2008).

It is a basic tenet of our common law that the party bringing a civil action bears the burden of proving the essential elements of a claim. See, e.g., *Powers* v. *Russell*, 13 Pick. 69, 76 (1832); *Smith* v. *Hill*, 232 Mass. 188, 190 (1919); *Frontier Enterprises, Inc.* v. *Anchor Co. of Marblehead, Inc.*, 404 Mass. 506, 513 (1989).

Nevertheless, the plaintiff contends that the judge, as in cases pertaining to testamentary bequests, should have placed the burden on the defendant to show the donor possessed the requisite capacity. While the judge relied on the venerable case of *Lane* v. *Moore*, 151 Mass. 87 (1890), for the proposition that the evidentiary standard to demonstrate testamentary capacity was equally controlling for inter vivos gifts, he correctly applied the traditional common-law burden of proof by requiring the plaintiff to prove his case. Indeed, *Lane* only dealt with the admissibility of evidence of unsoundness of mind and did not speak to any burden shift. See *id.* at 89. The plaintiff reasons that the application of the testamentary capacity standard also necessitates a shift in the burden of proof to the defendant. He provides no authority for this proposition. Inasmuch as the evidence required to support a finding and the identity of the party required to introduce the evidence are two entirely discrete concepts, we do not agree that the usual assignment of the burden of proof to the plaintiff should have been inverted. There was no error.

b. *Findings.* "We do not set aside a judge's findings of fact unless they are 'clearly erroneous.' Mass.R.Civ.P. 52(a), [as amended, 423 Mass. 1402 (1996)]." *Demoulas* v. *Demoulas Super Mkts., Inc.*, 424 Mass. 501, 509 (1997).[8] Findings are clearly erroneous when, "although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Building Inspector of Lancaster* v. *Sanderson*, 372 Mass. 157, 160 (1977), quoting from *United States* v. *United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The judge, with a

---

[8]Although *Demoulas* cited an earlier version of rule 52(a), the version that applies here also contains the "clearly erroneous" standard.

"firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence." *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 675 (1977). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Gallagher* v. *Taylor*, 26 Mass. App. Ct. 876, 881 (1989), quoting from *Anderson* v. *Bessemer*, 470 U.S. 564, 573-574 (1985).

Turning to the present case, there was sufficient evidence of the donor's capacity to support the judge's findings. The plaintiff's own witness conceded the possibility that the donor experienced periods of mental awareness in addition to her lucidity regarding financial affairs. We acknowledge that a reasonable and conscientious finder of fact could have reached a different conclusion. However, our task is not to substitute our judgment for that of the fact finder, and on this record we do not conclude that a mistake has clearly been made.

2. *Undue influence.* The plaintiff next challenges the trial judge's ruling that the plaintiff did not prove undue influence over the donor by a preponderance of the evidence. Once again, we review this factual finding for clear error. See Mass.R.Civ.P. 52(a).

Four elements are ordinarily present when undue influence is afoot: "that an (1) unnatural disposition has been made (2) by a person susceptible to undue influence to the advantage of someone (3) with an opportunity to exercise undue influence and (4) who in fact has used that opportunity to procure the contested disposition through improper means." *Tetrault* v. *Mahoney, Hawkes & Goldings*, 425 Mass. 456, 464 (1997), quoting from *Heinrich* v. *Silvernail*, 23 Mass. App. Ct. 218, 223 (1986).

In his findings, the trial judge deliberately and carefully considered the facts of the case in light of the factors above. While concluding that the first three prongs were satisfied, the judge determined that the plaintiff had failed to submit sufficient evidence to prove the element of causation. The judge found that it was possible to "infer that something sinister" occurred but that given all the evidence, there was an insufficient foundation of fact to draw any inference that the defendant actually exerted any undue influence on the donor. As discussed

*supra*, while some evidence exists that could have led a fact finder to conclude differently, this evidence is not so overwhelming as to render the trial court's decision clearly erroneous.

To the extent that we do not address the defendant's other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " *Department of Rev.* v. *Ryan R.*, 62 Mass. App. Ct. 380, 389 (2004), quoting from *Commonwealth* v. *Domanski*, 332 Mass. 66, 78 (1954).[9]

*Judgment affirmed.*

---

[9]We see no reason to quibble with the trial judge's well-reasoned conclusion that "[t]here is no relevant case law in Massachusetts, or elsewhere for that matter, to suggest that a fiduciary or confidential obligation flows from interactions between a client and her veterinarian . . . ."