NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11483

COMMONWEALTH  vs.  JOSE A. GUZMAN.

Suffolk.      February 4, 2014. - August 25, 2014.

Present:  Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.[1]

Sex Offender.  Global Positioning System Device.  Constitutional Law, Sentence.  Due Process of Law, Sentence.  Practice, Criminal, Sentence, Probation.

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on February 7, 2013.

The case was reported by Lenk, J.

Thomas E. Bocian, Assistant Attorney General (Timothy J. Wyse, Assistant Attorney General, with him) for the Commonwealth.

Ryan M. Schiff, Committee for Public Counsel Services, for the defendant.

LENK, J.  In the case before us, a Superior Court judge declined to include global positioning system (GPS) monitoring as a condition of the probationary portion of the sentence she

_____

[1] Chief Justice Ireland participated in the deliberation on this case prior to his retirement.

imposed following the defendant's pleas of guilty to several offenses. One of those offenses was the dissemination of visual material depicting a child in a state of nudity or sexual conduct, one of the "sex offense[s] involving a child" enumerated in G. L. c. 265, § 47, that requires a defendant convicted of such an offense to be subject to GPS monitoring as a condition of any term of probation, during "the length of his probation for any such offense." We are called upon to decide whether the imposition of GPS monitoring in such circumstances is mandatory and, if so, whether such statutory mandate either constitutes an unreasonable search and seizure pursuant to the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, or violates substantive and procedural due process pursuant to the Fourteenth Amendment to the United States Constitution and arts. 1, 10, 11, and 12 of the Massachusetts Declaration of Rights.

It is plain that G. L. c. 265, § 47, affords a sentencing judge no discretion whether to impose GPS monitoring on a defendant sentenced, as here, to a probationary term for an enumerated offense. Although, given the inadequate record before us, we do not reach the defendant's Fourth Amendment claim, we conclude that G. L. c. 265, § 47, does not violate the defendant's right to due process. Because the statute applied to the defendant in the circumstances, and because there was no

constitutional bar to its application, the failure to include

GPS monitoring as a condition of the defendant's probation was

error.[2]

1. Background. On August 15, 2011, a Suffolk County grand

jury issued two indictments charging dissemination or possession

of obscene matter, G. L. c. 272, § 29; two indictments charging

dissemination of visual material depicting a child in a state of

nudity or sexual conduct, G. L. c. 272, § 29B, a predicate

offense under G. L. c. 265, § 47; and one indictment charging

purchase or possession of visual material depicting a child

involved in sexual conduct, G. L. c. 272, § 29C. The defendant,

who had no previous convictions of a sex offense, had acquired

child pornography through LimeWire, an Internet-based file

---

[2] On December 9, 2013, approximately one year after she initially sentenced the defendant, and after she had denied the Commonwealth's subsequent motion that global positioning system (GPS) monitoring be imposed, the sentencing judge added GPS monitoring as a condition of the defendant's probation, and reduced the term of his probationary period from five years to two years. The appellate attorneys did not become aware of this modification until after the case had been briefed and argued; on March 20, 2014, the Commonwealth notified this court of the modified terms of the defendant's probation.

Although the Commonwealth's appeal is now moot, "we exercise our discretion[, as both parties request we do,] to hear the merits of this case because the issue is of significant public interest, fully briefed by the parties, and very likely to arise again in similar circumstances, yet evade review." See Commonwealth v. Hanson H., 464 Mass. 807, 808 n.2 (2013), citing Commonwealth v. Cory, 454 Mass. 559, 560 n.3 (2009) (deciding whether G. L. c. 265, § 47, applies to juveniles although juvenile defendant's case was moot).

sharing system.  The allegation that the defendant engaged in distribution stemmed from the fact that the defendant's use of LimeWire's default settings[3] permitted other users to access his files.

In conjunction with a proposed plea agreement, the Commonwealth submitted a sentencing memorandum proposing that the defendant be sentenced to from four to five years in State prison followed by ten years of probation.[4]  After conducting two lobby conferences and reviewing an expert forensic evaluation of the materials found on the defendant's computer, the judge convened a plea and sentencing hearing on December 10, 2012.  During the defendant's plea colloquy, the judge and both counsel discussed whether the defendant would be required to wear a GPS device as one of the conditions of his probation.  A member of the court staff informed the judge that the imposition of GPS monitoring as a condition of probation was discretionary.  The judge then sentenced the defendant to a one-year term of incarceration for his convictions under G. L. c. 272, §§ 29 and

---

[3] LimeWire's default settings involve the creation of a "Shared" folder on a user's computer.  Any file placed in the "Shared" folder is automatically available to any other LimeWire user, and, also automatically, any file downloaded through LimeWire is saved in the "Shared" folder.  See United States v. Lewis, 554 F.3d 208, 211 (1st Cir.), cert. denied, 556 U.S. 1276 (2009).

[4] It did not suggest that GPS monitoring be a condition of the defendant's probation.

29C, and to a probationary period of five years for his convictions under G. L. c. 272, §§ 29 and 29B. She declined to require that the defendant wear a GPS device as a condition of probation.

Three days later, the Commonwealth sought and was granted a further hearing, at which it argued that, pursuant to G. L. c. 265, § 47, GPS monitoring was a required condition of probation for the offense of dissemination of visual material depicting a child in a state of nudity or sexual conduct to which the defendant had pleaded guilty. The judge again declined to impose GPS monitoring.[5] In so doing, she noted that the statute was "problematic" for its failure to distinguish between contact sex offenders and noncontact offenders, and explained that "dealing with this case individually" had led her to conclude that GPS monitoring was unnecessary. Several months later, the Commonwealth filed a petition for relief in the county court, pursuant to G. L. c. 211, § 3, requesting that the single justice vacate the defendant's sentence and remand for further proceedings in accordance with G. L. c. 265, § 47.[6] The

_____

[5] The judge also indicated that, if the Commonwealth appealed and was successful, she would permit the defendant to withdraw his guilty plea. See Mass. R. Crim. P. 12 (c) (2), as appearing in 442 Mass. 1511 (2004).

[6] One month previously, the Commonwealth had filed a notice of appeal in the Appeals Court. Proceedings in that case have been stayed in light of the instant proceedings.

defendant opposed the petition, arguing that GPS monitoring would violate his right against unreasonable searches and seizures and his right to due process under both the State and Federal Constitutions. The single justice reserved and reported the case to the full court.

2. Discussion. a. Requirements under G. L. c. 265, § 47. The parties dispute whether G. L. c. 265, § 47, mandates GPS monitoring as a condition of the defendant's probation. The Commonwealth contends that, where a defendant is convicted of an enumerated offense and subsequently sentenced to a term of probation, the sentencing judge has no discretion to decline to impose GPS monitoring as a condition of that probation. The defendant maintains, to the contrary, that the judge is permitted to determine on a case-by-case basis whether GPS monitoring is appropriate given a defendant's risk of reoffense.

To determine whether G. L. c. 265, § 47, affords a sentencing judge any discretion concerning the imposition of GPS monitoring as a term of probation for certain predicate offenses, we begin with the plain language of the statute. See Commonwealth v. Hanson H., 464 Mass. 807, 810 (2013), quoting Commonwealth v. Raposo, 453 Mass. 739, 743 (2009). Ordinarily, we will "not look beyond the words of the statute where the language is plain and unambiguous," State Bd. of Retirement v. Boston Retirement Bd., 391 Mass. 92, 94 (1984), nor will we add

words to the statute that the Legislature did not see fit to include. Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006).

General Laws c. 265, 47, provides, in relevant part:

"Any person who is placed on probation for any offense listed within the definition of 'sex offense,' a 'sex offense involving a child' or a 'sexually violent offense,' as defined in [G. L. c. 6, § 178C,] shall, as a requirement of any term of probation, wear a global positioning system device . . . at all times for the length of his probation for any such offense."

In turn, G. L. c. 6, § 178C, defines the terms "[s]ex offense" and "[s]ex offense involving a child" to include the dissemination of visual material depicting a child in a state of nudity or sexual conduct, as set forth in G. L. c. 272, § 29B.

Because "[t]he word 'shall' is ordinarily interpreted as having a mandatory or imperative obligation," Hashimi v. Kalil, 388 Mass. 607, 609 (1983), we have determined that the GPS requirement of G. L. c. 265, § 47, applies to any defendant who has been convicted of a predicate offense and sentenced to a term of probation. See Commonwealth v. Canadyan, 458 Mass. 574, 575 n.2 (2010) ("Having been placed on probation for a 'sex offense,' the defendant was required to wear a [GPS device] as a condition of his probation"); Commonwealth v. Cory, 454 Mass. 559, 569 (2009) (GPS requirement of G. L. c. 265, § 47, "applies to every person who is convicted of [predicate] crimes and

receives a probationary term as part of the criminal proceeding's disposition").  Thus, we conclude that G. L. c. 265, § 47, affords judges no discretion to decide whether GPS monitoring should apply in any particular set of circumstances; where a defendant is convicted of a qualifying offense and is sentenced to a term of probation, the sentencing judge must impose GPS monitoring as a condition of that probation.[7]

b.  Constitutional claims.  We turn to the defendant's constitutional arguments.  The defendant contends that the imposition of GPS monitoring would violate his right to due process under both the Federal and State Constitutions. Specifically, he objects to the determination that G. L. c. 265, § 47, affords a sentencing judge no discretion to decide whether GPS monitoring ought to be imposed on an individual defendant, including those who have committed only noncontact offenses. Because the Legislature may establish, within constitutional limits, mandatory minimum sentences for certain predicate offenses, and because G. L. c. 265, § 47, constitutes no more than such a sentence, we conclude that the imposition of GPS monitoring on the defendant would not offend due process.  The

---

[7] As stated, the defendant pleaded guilty to a qualifying offense under G. L. c. 6, § 178C, namely, the dissemination of visual material depicting a child in a state of nudity or sexual conduct, and was sentenced to a probationary term of five years for that offense and two others.  He therefore falls within the ambit of G. L. c. 265, § 47.

defendant also maintains that GPS monitoring would encroach upon his Fourth Amendment right to be free of unreasonable searches and seizures.  The record here, however, is too sparse to permit an adequate assessment of the defendant's Fourth Amendment claim, and we accordingly decline to reach it.[8]

   i.  Due process.  "A probation condition is enforceable, even if it infringes on a defendant's ability to exercise constitutionally protected rights, so long as the condition is 'reasonably related' to the goals of sentencing and probation." Commonwealth v. Lapointe, 435 Mass. 455, 459 (2001), quoting Commonwealth v. Pike, 428 Mass. 393, 403 (1998).  See Commonwealth v. Goodwin, 458 Mass. 11, 17 (2010).  The defendant urges that we employ this "reasonably related" test to assess whether GPS monitoring constitutionally may be imposed on all probationers convicted of predicate offenses. Doing so, he contends, would compel the conclusion that G. L. c. 265, § 47, offends due process as applied to defendants convicted, as he was, of only noncontact sex offenses.

---

   [8] The defendant does not challenge the mandatory requirements of G. L. c. 265, § 47, under either the Eighth Amendment to the United States Constitution or art. 26 of the Massachusetts Declaration of Rights, and the record here would not permit a determination of that issue.  Accordingly, we do not consider whether the mandatory imposition of GPS monitoring could in some circumstances constitute a punishment "disproportionate to the magnitude of the crime" in question. See Commonwealth v. O'Neal, 369 Mass. 242, 247-248 (1975).

The "reasonably related" test, however, is inapplicable here. To date, we have used that test only to analyze the validity of conditions of probation that are imposed by a sentencing judge in his or her discretion. See, e.g., Commonwealth v. Rousseau, 465 Mass. 372, 389 (2013) ("In determining a sentence, a judge is authorized . . . to impose any conditions that the judge deems proper"); Commonwealth v. Lapointe, supra at 459, quoting Commonwealth v. Goodwin, 414 Mass. 88, 92 (1993) ("A judge, in furnishing an appropriate individualized sentence, may consider 'many factors'. . ."); Commonwealth v. Pike, supra at 402-403 (discussing sentencing judge's latitude in imposing conditions on probation); Commonwealth v. Power, 420 Mass. 410, 414 (1995), cert. denied, 516 U.S. 1042 (1996) (noting that "the judge should consider several goals" in imposing sentence). We have never applied the "reasonably related" test to those conditions of probation that the Legislature has concluded are mandatory. Instead, where the Legislature has prescribed particular punishments for a given offense, we ask only whether that mandatory sentence meets the rational basis test. See Commonwealth v. Therriault, 401 Mass. 237, 241-242 (1987) (applying rational basis test to due process challenge to mandatory minimum sentence); Commonwealth v. Jackson, 369 Mass. 904, 918 (1976) (legislatively mandated

punishments subject only to rational basis review and need not withstand "exacting scrutiny").

This diminished level of scrutiny is based on our recognition that, while "[a] judge's latitude in sentencing is great but not infinite," Commonwealth v. Gomes, 73 Mass. App. Ct. 857, 859 (2009), the Legislature has broad power to determine the appropriate punishment for a given offense. See Commonwealth v. Jackson, supra at 909 ("Legislature has great latitude to . . . prescribe penalties to vindicate the legitimate interests of society"); Harding v. Commonwealth, 283 Mass. 369, 374 (1933) ("It is for the General Court in the main to establish the maximum terms of sentence for the several crimes known to the law"). See also Commonwealth v. Alvarez, 413 Mass. 224, 233 (1992); Commonwealth v. O'Neal, 369 Mass. 242, 248 (1975) (Tauro, C.J., concurring); Commonwealth v. Morrow, 363 Mass. 601, 610-611 (1973).

We have recognized also that, by establishing mandatory minimum sentences for particular offenses, the Legislature curtails the ability of a sentencing judge to determine the appropriate sentence in a given case. See Commonwealth v. Therriault, supra at 239, citing Solem v. Helm, 463 U.S. 277, 290 (1983) ("the Legislature has latitude in determining limits on the discretion that the trial judges possess in sentencing convicted criminals"). Since a term of probation constitutes a

"sentence", see, e.g., Commonwealth v. Power, supra at 414, the Legislature likewise may restrict a sentencing judge's discretion to determine the terms of probation.[9] See Commonwealth v. Jackson, supra at 919; Commonwealth v. Leis, 355 Mass. 189, 199 (1969), quoting Williams v. Oklahoma, 358 U.S. 576, 586 (1959) ("Unless the punishment exceeds a constitutional limit, the task of assigning penalties is for the Legislature"). Indeed, in construing G. L. c. 265, § 47, we have not questioned the Legislature's ability to establish mandatory conditions of probation in general or to require GPS monitoring in particular. See Commonwealth v. Hanson H., 464 Mass. 807, 810-817 (2013); Commonwealth v. Raposo, 453 Mass. 739, 748 (2009).

In light of this, we discern no reason to apply the "reasonably related" test to such legislatively mandated conditions of probation as the requirement of GPS monitoring in G. L. c. 265, § 47.  Accordingly, we do not consider whether the imposition of GPS monitoring as a mandatory condition of probation for those convicted of certain predicate offenses pursuant to G. L. c. 265, § 47, is reasonably related to the

_____

[9] In this regard, the Legislature's ability to limit the discretion of the sentencing judge does not violate the separation of powers by permitting the Legislature to usurp the judicial function of sentencing.  See Commonwealth v. Therriault, 401 Mass. 237, 242 (1987) (imposition of mandatory minimum sentence did not derogate separation of powers); Commonwealth v. Jackson, 369 Mass. 904, 920-923 (1976) (there is no support for proposition that "Legislature cannot limit a court's probationary powers").

goals of sentencing and probation.  Instead, we inquire only whether there is a rational basis to support the Legislature's determination.  We conclude that there is.

 Permissible legislative objectives concerning criminal sentencing include deterrence, isolation and incapacitation, retribution and moral reinforcement, as well as reformation and rehabilitation.  See Cepulonis v. Commonwealth, 384 Mass. 495, 499 (1981), citing Commonwealth v. O'Neal, supra at 251 & n.11. The provisions of G. L. c. 265, § 47, reasonably can be viewed as serving many, if not all, of these goals.  We have noted the danger of recidivism posed by sex offenders.  See, e.g., Commonwealth v. Knapp, 441 Mass. 157, 159 (2004).  The Legislature permissibly has determined that the risk of being subjected to GPS monitoring might deter future or repeat offenders.  See Commonwealth v. Cory, 454 Mass. 559, 571 (2009) (penal nature of GPS monitoring promotes deterrence).  The Legislature similarly was free to conclude that enabling police to track the movements of all convicted sex offenders would promote the security and well-being of the general public.  See Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Board, 450 Mass. 780, 789-790 (2008).  Within constitutional limitations, the Legislature may establish harsh punishments for particular offenses in order to discourage reoffense and promote rehabilitation.  See Commonwealth v. Jackson, supra at 912-913

(Legislature had not "exceeded its prerogative" in imposing "harsh, inflexible sentence"). "The present statute," therefore, "is obviously an attempt to deter through a nondiscretionary penalty." Id. at 912.

We observed in Commonwealth v. Cory, supra at 572, and note again today, that "[t]he sanction [of GPS monitoring] appears excessive . . . to the extent that it applies without exception to convicted sex offenders sentenced to a probationary term, regardless of any individualized determination of their dangerousness or risk of reoffense." At least for purposes of due process analysis, however, this is "a debate that has already been settled on the floor of the Legislature." Commonwealth v. Therriault, supra at 242. In promulgating G. L. c. 265, § 47, the Legislature saw fit to impose GPS monitoring as a condition of probation even for those sex offenders convicted of noncontact offenses. See Luk v. Commonwealth, 421 Mass. 415, 429 (1995) (it is for Legislature to determine best means by which to address issues implicating public safety). We cannot say that the Legislature's determination is without rational basis.

ii. Search and seizure. We generally decline "to consider constitutional issues for the first time on appeal in order to avoid an unnecessary constitutional decision." Beeler v. Downey, 387 Mass. 609, 613 n.4 (1982). See Commonwealth v.

Raposo, supra at 743.  This is particularly so where "the record accompanying [constitutional claims] is lacking . . . in providing a basis for their intelligent resolution."  Gagnon, petitioner, 416 Mass. 775, 780 (1994), citing Commissioner of Correction v. McCabe, 410 Mass. 847, 850 n.7 (1991).

While the defendant contends that the imposition of GPS monitoring constitutes an unreasonable search or seizure of his person, questions of reasonableness are necessarily fact-dependent.  See Scott v. Harris, 550 U.S. 372, 383 (2007) (in Fourth Amendment context, court must "slosh [its] way through the factbound morass of 'reasonableness'"); Commonwealth v. Krisco Corp., 421 Mass. 37, 42 (1995) (reasonableness inquiry in Fourth Amendment context "is highly dependent on the particular facts involved").  Here, neither the Commonwealth nor the defendant presented evidence concerning the details of the GPS monitoring to which the defendant is subject.  Absent such a record, we are unable to address the defendant's Fourth Amendment claims.  See Doe v. Doe, 378 Mass. 202, 203 (1979) ("Where constitutional questions and matters of asserted public policy are raised, it is preferable to pass on the issues in light of a fully developed trial record rather than, as here, in the abstract"); Tardiff, petitioner, 328 Mass. 265, 267 (1952), quoting Atlantic Maritime Co. v. Gloucester, 228 Mass. 519, 522

(1917) (fact-finding duty "is not an appropriate function of a court of last resort").

3. Conclusion. Where the defendant was sentenced to a probationary term for a predicate offense pursuant to G. L. c. 265, § 7, the sentencing judge was mandated to impose GPS monitoring as a condition of probation. Because the Commonwealth's appeal is now moot, however, see note 1, supra, we remand the matter to the single justice for entry of a judgment dismissing the Commonwealth's petition pursuant to G. L. c. 211, § 3.

So ordered.