NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-404

YMCA OF GREATER BOSTON, INC.

vs.

HYH'NES BAKRI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, a judge of the Eastern Housing Court entered judgment in favor of the plaintiff, YMCA of Greater Boston, Inc. (YMCA), against the defendant, Hyh'nes Bakri (Bakri), on numerous claims in a consolidated action relating to a tenancy dispute between the parties.[1]  Bakri appeals from this judgment,[2] asserting numerous errors on appeal

---

[1] YMCA states that two entities, Hallkeen Management, Inc., and Cruz Management Company, Inc., "were [also] parties in this action and join in on [YMCA's] [b]rief."  While those entities were named as defendants to a small claims action brought by Bakri, which was consolidated with the Housing Court action brought by YMCA, those entities were not named as plaintiffs in YMCA's complaint and have not filed appearances in this appeal.

[2] Bakri filed her notice of appeal prior to final judgment entering below.  We exercise our discretion to hear this appeal because the premature filing of the notice of appeal did not

and requesting that the judgment be vacated and damages be entered in her favor.  We affirm.

As a preliminary matter, we decline to address a number of Bakri's claims that fail to comply with the Massachusetts Rules of Appellate Procedure,[3] fail to rise to the level of appellate argument,[4] or were not raised below.[5]  We recognize that Bakri is

---

prejudice YMCA.  See Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019).

[3] These claims include her references to the First and Fourteenth Amendments to the United States Constitution; G. L. c. 12, § 11H-11J; 42 U.S.C. § 1983; 42 U.S.C. § 2000d; 42 U.S.C. § 3604; G. L. c. 151B; and alleged violations of Housing Court orders.  Bakri filed an informal brief pursuant to the Appeals Court Informal Brief Pilot Program (program) for self-represented litigants, but the program still requires compliance with the Massachusetts Rules of Appellate Procedure.  See Appeals Court Informal Brief Pilot Program, https://www.mass.gov/info-details/appeals-court-informal-brief-pilot-program.

[4] These claims include "substantial civil rights injustice," "loophole disguised as procedure," and "plac[ing] the burden to fix [YMCA's] continued noncompliance" on Bakri.  The program requires "adequate appellate argument," meaning that the "Appeals Court does not have to consider any argument that is not discussed in the brief or that lacks legal or factual support."  Appeals Court Informal Brief Pilot Program, https://www.mass.gov/info-details/appeals-court-informal-brief-pilot-program.

[5] These claims include violation of the right to a speedy trial under the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment; violation of art. 11 of the Massachusetts Declaration of Rights; violation of the Fourth Amendment to the United States Constitution; and violation of due process.  See Commonwealth v. Pares-Ramirez, 400 Mass. 604, 609 (1987).  Generally, we do not address issues raised for the first time on appeal "if the record accompanying them is lacking, as is the case here, in

2

self-represented, but nonetheless, pro se litigants are held to the same standards as all other litigants.  See Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994).

With regard to the majority of the remaining claims, Bakri's arguments amount to a dispute with the weight that the judge gave to certain evidence and with the judge's credibility determinations.[6]  However, "it is the trial judge who, by virtue of his firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence."  New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977).  On appeal, we will not disturb such determinations unless found to be clearly erroneous.  Adoption of Querida, 94 Mass. App. Ct. 771, 777 (2019).  The judge found in favor of YMCA on the contested claims largely because the judge credited the testimony of YMCA and did not credit, or give great weight to, the evidence that Bakri put forth to support

providing a basis for their intelligent resolution."  Gagnon, petitioner, 416 Mass. 775, 780 (1994) (superseded by G. L. c. 123A, § 9).

[6] As examples, Bakri claims that the judge erred in his conclusions regarding Bakri's claims of retaliation, in violation of G. L. c. 186, § 18; interference with quiet enjoyment (G. L. c. 186, § 14); harassment; discrimination; intentional infliction of emotional distress; negligent infliction of emotional distress; breach of contract; and violation of G. L. c. 93A.

these claims.  Bakri has not shown sufficient reason that the judge's factual findings were clearly erroneous, and therefore we do not disturb them and find no error in the judge's legal conclusions.

For similar reasons, we disagree with Bakri's claims that the judge erred in concluding there was no violation of the Massachusetts Sanitary Code (code), or breach of the implied warranty of habitability.  The judge addressed these claims together, as there is a breach of the implied warranty of habitability when there is a material violation of the minimum standards in the code.  Whether there is a material breach or violation of the code is a question of fact.  See Boston Hous. Auth. v. Hemingway, 363 Mass. 184, 200 (1973).  Again, we generally accept the findings of fact found by the judge in a jury-waived case, unless shown to be clearly erroneous or unless the evidence is entirely documentary.  See Zaskey v. Whately, 61 Mass. App. Ct. 609, 614 (2004).  Here, the judge found that Bakri failed to meet her burden[7] regarding these claims because no evidence was submitted regarding a violation of the code, nor were there reports from inspectional services regarding defects

_____

[7] Bakri also argues that the judge erred in placing a burden on her to prove her claims.  There was no error, where, generally, the party bringing a civil claim has the burden of proving it by a preponderance of evidence.  See Goodman v. Atwood, 78 Mass. App. Ct. 655, 657 (2011).

4

on the premises. Given the deferential standard of review applicable here, we do not disturb the judge's rulings on these claims.

To the extent that Bakri claims that the Housing Court violated Standing Order 1-04, identifying time standards for cases, it is without merit. See generally Housing Court Standing Order 1-04 (2004). Housing Court Standing Order 1-04 provides that judges shall have discretion to "exercise sound judgment in a manner that affords the parties a fair opportunity to develop and present their claims to the court," and nothing "shall limit the [judge's] authority, in appropriate cases where the interests of justice require . . . to order that a particular case not be or not remain subject to the time standards set forth in this standing order." Bakri has failed to articulate how the judge's management of the case constituted an abuse of discretion, and we therefore conclude there was none.

Finally, Bakri alludes to judicial and institutional bias against her, and in favor of YMCA, throughout the proceedings. Bakri's supposed evidence for this claim is solely that the judge made rulings that were unfavorable to her. This claim is without merit, as "[t]he mere fact that a party suffers adverse rulings during litigation does not establish lack of judicial

impartiality."  <u>Clark</u> v. <u>Clark</u>, 47 Mass. App. Ct. 737, 739

(1999).[8]

<u>Judgment affirmed</u>.

By the Court (Meade,
  Hodgens & Allen, JJ.[9]),

Clerk


Entered:  May 20, 2026.

---

[8] To the extent that we do not address other arguments, they
"have not been overlooked.  We find nothing in them that
requires discussion."  <u>Commonwealth</u> v. <u>Domanski</u>, 332 Mass. 66,
78 (1954).

[9] The panelists are listed in order of seniority.